UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Roger Nelson, | Case No. CI 15 6277 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Life Insurance Company of North America, | |
| Defendant. | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Life Insurance Company of North America ("LINA") hereby gives notice of the removal of this action from the District Court in and for Douglas County, Nebraska, where it is now pending, to the United States District Court for the District of Nebraska. In support of this Notice of Removal, LINA states:

1. On or about July 24, 2015, the plaintiff served his Summons and Complaint on LINA alleging breach of contract (Count I), bad faith (Count II) and attorneys' fees pursuant to Neb. Rev. Stat. § 44-359 (Count III) related to a life insurance policy. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

2. 28 U.S.C. § 1446(b) provides that a notice of removal may be filed within 30 days after receipt by the defendant of the initial pleading. As such, LINA's Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

3. This action is removable to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1441, which provides that any civil action brought in

a state court for which the district courts of the United States have original jurisdiction may be removed by LINA to the district court for the United States for the district and division embracing the place where the action is pending.

4. At all times relevant to the plaintiff's Complaint, LINA was incorporated in the Commonwealth of Pennsylvania, and had its principal place of business there; therefore, it was a citizen of the state of Pennsylvania. *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 946 (U.S. 2006) (Corporation is deemed "citizen" for § 1332 purposes only where its state of incorporation and state where its principal place of business are located.)

5. At no time relevant to the plaintiff's Complaint has LINA had a principal place of business in Nebraska, nor was it incorporated in Nebraska.

6. Plaintiff is a Nebraska resident.

7. In his Complaint, the plaintiff seeks an unspecified amount of damages including reinstatement of the life insurance contract in the amount of $110,000, attorney fees, interest, and costs which will exceed $75,000.00 if the case is decided in the plaintiff's favor. While LINA denies any liability, the plaintiff would likely be awarded an amount greater than $75,000.00 if he is successful on his claim. Therefore, the amount in controversy is greater than $75,000.00.

8. As such, there is diversity of citizenship and the case can be removed pursuant to 28 U.S.C. § 1332.

9. Pursuant to 28 U.S.C. § 1446(a), LINA has attached to this Notice of Removal a copy of all process, pleadings and orders served upon them in the state court action. *See* Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), LINA shall give written notice of this removal to all parties in the state court action and shall file a copy of this Notice of Removal with the clerk of the state court action.

WHEREFORE, Life Insurance Company of North America prays this Notice be granted and that said action be removed in its entirety from the District Court in and for Douglas County, Nebraska to the United States District Court for the District of Nebraska, as provided by law.

Dated: August 17, 2015.

By: _____
Duncan A. Young, #15790
YOUNG & WHITE LAW OFFICES
8742 Frederick Street
Omaha, NE 68124
Telephone: 402-393-5600
dyoung@youngandwhite.com

ATTORNEYS FOR DEFENDANT LIFE
INSURANCE COMPANY OF NORTH
AMERICA

Image ID: D00332579D01  Doc. No. 332579

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha      NE 68183

Roger Nelson v. Life Insurance Co. of North America

Case ID: CI 15   6277

TO:   Life Insurance Co. of North America

You have been sued by the following plaintiff(s):

Roger Nelson

Plaintiff's Attorney:   Raymond R Aranza
Address:                11605 Miracle Hills Dr. Suite 300
                        PO Box 542005
                        Omaha, NE 68154-4487
Telephone:              (402) 492-9800

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:   JULY 20, 2015        BY THE COURT:   John M. Friend
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Life Insurance Co. of North America
   Two Liberty Place
   1601 Chestnut St., TL 14A
   Philadelphia, PA 19192

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.



EXHIBIT A

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150006277
Transaction ID: 0002586398
Filing Date: 07/17/2015 04:47:50 PM CDT

## IN THE DISTRICT COURT IN AND FOR DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| ROGER NELSON, | Case No. CI 15-____ |
| Plaintiff, | |
| vs. | COMPLAINT |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant | |

COMES NOW Plaintiff, Roger Nelson (hereinafter referred to as "Nelson"), by and through his attorney, Raymond R. Aranza, of Marks Clare & Richards LLC, and states and alleges the following for his cause of action against the Defendant:

1. Plaintiff, Roger Nelson, is a resident of Douglas County, Nebraska, currently residing at 1329 "O" Street, Omaha, Nebraska.

2. Defendant, Life Insurance Company of North America is a corporation duly organized and existing under the laws of the State of Pennsylvania. Defendant is an insurance company in the business of providing insurance coverage.

3. Nelson purchased a term life insurance policy through the National Rifle Association of America, Defendant, Life Insurance Company of North America was the administrator of said policy.

4. On May 27, 2003 Plaintiff filed for a waiver of premium due to his physical disabilities. Nelson suffers from extreme osteoarthritis in every joint in his body. Moreover his condition has become worse over the years.

5. On or about September 10, 2003, Nelson's claim for Waiver of Premium Benefits on Group Life Insurance Policy was approved. His premium waiver was approved for the time

period of December 6, 2002 through December 5, 2003. As of December 6, 2002, Nelson's life insurance policy was in the amount of $110,000.

6. The life insurance premiums were to be waived for as long as Plaintiff remains continuously disabled.

7. Nelson has been totally disabled since December 6, 2002, and Defendant is aware that Plaintiff has been totally disabled since December 6, 2002.

8. The National Rifle Association (NRA) reimbursed Nelson for premiums he had paid from December 6, 2002, through October 8, 2003, in the amount of $1,183.69.

9. Each year thereafter Nelson submitted updated medical information and an application for a continuation of the waiver of his premium. He was approved each year until 2013.

10. On November 26, 2013 Nelson was advised that his application for waiver was denied because "current medical documentation" did not support Plaintiff's claim that he was totally disabled.

11. Defendant reviewed the following medical documentation in reaching Defendant's decision to deny Plaintiff's waiver application:

    (a) Medical records from Dr. Weeks dated October 27, 2011 through October 16, 2013;

    (b) Medical records from Dr. Osten dated November 28, 2011 to November 22, 2013;

    (c) Physical Ability Assessment completed by Dr. Osten on October 29, 2013;

    (d) Physician's Statement of Disability completed by Dr. Weeks on

October 16, 2013; and,

(e) Nelson's statement of Disability dated October 15, 2013.

12. Defendant sent the records to Defendant's In-House Nurse Case Manager for review. The Nurse Case Manager's assessment was that the medical records on file did not support the restrictions and limitations set by Dr. Osten or Dr. Weeks, as there were no measurable physical examination findings or imaging showing positive results.

13. Defendants In-House Nurse Case Manager did not personally examine Nelson.

14. On December 27, 2013 Nelson filed his Appeal; He enclosed the following documents for consideration with his appeal;

(a) X-rays from January 15, 2013;

(b) X-rays from December 2, 203;

(c) First Choice Chiropractic Report

(d) Bone Imaging Report for left knee

15. On April 10, 2014, Nelson received notice that his Appeal had been denied.

16. Nelson has a number of disabilities and takes a number of medications, making it impossible for Plaintiff to either obtain employment or to work for himself.

17. Nelson has osteoarthritis in basically every major joint in his body. Plaintiff has also had a number of prior surgeries, including, having both big toes and a portion of bone removed from each of his other toes; On March 13, 2012 Plaintiff had a total replacement of the left knee; Plaintiff has had right shoulder surgery; and Plaintiff has left and right shoulder joint osteoarthritis which requires cortisone shots on a regular basis.

## COUNT I
### Breach of Contract

18. Nelson realleges and incorporates herein by reference paragraphs 1 through 17 of this Complaint.

19. Nelson complied with all conditions precedent to Defendant's performance under said contract by paying all sums due for the policy of insurance.

20. Nelson complied with all conditions precedent to Defendant's performance under said contract by applying for a waiver of premium payments while being totally disabled.

21. Defendant breached the contract described above by failing to grant Nelson a waiver for Nelson to pay premiums while Plaintiff is totally disabled.

22. Defendant's breach of contract is material and in no way constitutes substantial performance under the terms of such contract.

23. After the waiver was denied, Defendant continued to withdraw premiums from Nelson's bank account in the amount of $295.55 per month for approximately five months.

WHEREFORE, Nelson prays for judgment against the Defendant as follows:

A. Damages in an amount to be determined at trial caused by Defendant's breach of contract.

B. Continued payment of premiums pursuant to the contract.

C. Reinstate the life insurance contract and insure continued coverage to the terms of the contract.

D. Such costs and other relief as the Court may deem proper.

## COUNT II
### Bad Faith

24. Nelson realleges and incorporates herein by reference paragraphs 1 through 23 of this Complaint

25. The Defendant's refusal to grant a waiver of premiums pursuant to the contract constitutes bad faith on behalf of this Defendant.

WHEREFORE, Plaintiff requests the Court award Nelson all paid premiums, all general damages sustained by Nelson as a result of Defendants refusal to pay such benefits, payment of his attorney fees, interest at its highest legal rate, and, costs of this action. Nelson requests such other and further relief as the Court deems equitable.

## COUNT III

### Attorney's Fees Pursuant to Neb. Rev. Stat. §44-359

26.  Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 26 of this Complaint.

27. The above cited statute provides that "an action upon any type of insurance policy...shall allow the plaintiff a reasonable sum as an attorney's fee to the amount of his recovery, to be taxed as part of the costs."

28. This suit is an action upon an insurance policy, and Neb. Rev. Stat. §44-359 applies.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A.   Attorney's fees in an amount to be determined at trial caused by Defendant's violation of the policy pursuant to Neb. Rev. Stat. §44-359;

B.   Attorney fees for such violation;

C.   Such other costs and other relief as the Court may deem proper.

DATED this 17th day of July, 2015.

ROGER NELSON, Plaintiff

BY: _____
Raymond R. Aranza, #18523
MARKS CLARE & RICHARDS, LLC
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154
(402) 492-9800
raranza@mcrlawyers.com
ATTORNEY FOR PLAINTIFF